

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. I. Predecki
County Auditor
Galveston, Texas

Dear Sir:

Opinion No. 0-907
Re: Validity of H. B. 205 passed by
the 46th Legislature.

This is in reply to your letter of June 6th,
requesting our opinion as to the constitutionality and
validity of H. B. 205 recently passed by the Legislature
and signed by the Governor.

This bill amends Article 1055 of the Code of
Criminal Procedure of Texas, 1925. The title to the
act under consideration merely refers to the article
of the code sought to be amended, and is in the follow-
ing language:

"An Act amending Article 1055, of the
Code of Criminal Procedure of Texas, 1925;
and declaring an emergency."

The Forty-Fifth Legislature at its first called
session attempted to amend Article 1055, supra, by pass-
age of H. B. 727, chapter #88, General and Special Laws.
This enactment was declared unconstitutional by this
department in opinion No. 0-23, rendered on January 11,
1939. The caption was held to be defective because the
express verbiage limited and restricted the purpose of
the bill, as well as being deceptive.

The caption of H. B. 205 does not have such
vices. It specifies the revision and article to be amended,
without indicating the particulars of the changes to be
made by the amendment. This has been accepted by our

courts with the reasoning that the naming of the article to be amended directs attention to all of the provisions therein, as the subject of the amending act, and that such provisions can be ascertained by reading the act to be amended. See Katz v. State, 64 S. W. (2d) 130, and authorities therein cited. In the case before us, the provisions of Article 1055, C. C. P., 1925, were in effect, directed attention to in the title of the act as the subject of the amending act. We quote from the Katz case:

> "The courts of this state have held that a reference to a number of an article in a code, such as our Revised Statutes, is sufficient in the title of an act amendatory thereof, to allow any amendment germane to the subject treated in the article referred to. English & Scottish-American Mort. & Inv. Co. v. Hardy, 93 Tex. 289, 55 S. W. 169; State v. McCracken, 42 Tex. 384." (underscoring ours).

An examination of the provisions of Article 1055, C. C. P. supra, and comparison with Section 1 of H. B. 205, reveals substantial and material change in the text. Prior to amendment the article read:

> "Article 1055. Half costs paid officers.
>
> "The county shall be liable to each officer and witness having costs in a misdemeanor case for only one-half thereof where the defendant has satisfied the fine and costs adjudged against him in full by labor in the workhouse, on the county farm, on the public roads or upon any public works of the county; and to pay such half of such legal cost as may have been so taxed, not including commissions, the county judge shall issue his warrant upon the County Treasurer in favor of the proper party, and the same shall be paid out of the road and bridge fund or other funds not otherwise appropriated."

Following passage and executive approval of
H. B. 205, said article now reads:

"Article 1055. The county shall not
be liable to the officer and witness hav-
ing costs in a misdemeanor case where de-
fendant pays his fine and costs. The
county shall be liable for one-half of the
fees of the officers of the court, when
the defendant fails to pay his fine and lays
his fine out in the county jail or dis-
charges the same by means of working such
fine out on the county roads or on any county
project. And to pay such half of costs, the
county clerk shall issue his warrant on the
County Treasurer in favor of such officer
to be paid out of the Road and Bridge Fund
or other funds not otherwise appropriated."

While substantialcchanges are noted in the termin-
ology and provisions of H. B. 205, it is our opinion the
subject treated is the same, i.e., half costs paid offi-
cers under certain conditions. Therefore, we hold the
caption or title is sufficient to meet the constitutional
requirements.

The emergency clause of H. B. 205 is erroneous
in stating that H. B. 727 of the Forty-fifth Legislature,
which we declared unconstitutional, contained "the exact
provisions of this Act" and "this Bill.....is merely a
correction of House Bill No. 727."

We do not reason the errors in the emergency
clause to vitiate the bill. We quote from the case of
Missouri-Kansas-Texas R. Co. v. Thomason (Civ. App.,
writ refused) 280 S. W. 325:

"Emergency clauses on bills, however, are
not added for the purpose of clarifying or
declaring the intention of the Legislature,
nor to explain the express language of the
act; but only for the purpose of setting

forth the reasons for the suspension of
the constitutional rule requiring the
bill to be read on three separate days,
and for putting into immediate effect
such act whatever be its scope and terms."

See also 39 Tex. Jur. 227; Lloyds Casualty
Co. v. Lem (Civ. App. writ dismissed), 62 S. W. (2d)
497.

An examination of the body of H. B. 205,
while revealing a substantial departure from the pro-
visions of Art. 1055, C. C. P., 1925 and H. B. 727,
45th Leg. Reg. Sess., does not disclose any violence
to our fundamental law, nor any excess of legislative
prerogative.

We therefore respectfully advise you that
it is our opinion that H. B. 205, as enacted, is valid
and constitutional.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Benjamin Woodall
Assistant

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

BW:AW

APPROVED JUN 17, 1939

ATTORNEY GENERAL OF TEXAS